Booth, Judge,
delivered the opinion of the court :
This case was submitted upon plaintiff’s petition and defendant’s demurrer thereto.
The petition sets forth the making of four contracts involving the construction of ships for the Shipping Board Emergency Fleet Corporation. The contracts are attached to the petition and made a part thereof as the rules of the court require. There is a fifth contract between the parties providing for the advancement of money by the defendant which it is alleged was not fully complied with. The plaintiff, after alleging the details of the above contractual relationship, concludes his prayer for judgment by a general allegation that the suit is not founded upon any of the express contracts involved, but exclusively upon an implied contract to recover just compensation, measured by the fair and reasonable value of monies expended, materials furnished, labor and service performed. Expressly disavowing a claim for anticipatory damages, the petition closes with an averment that the just compensation to which the plaintiff is entitled is to be measured “ by the amount by which defendant has been unjustly enriched at the expense of the plaintiff.”
During the war the Shipping Board Emergency Fleet Corporation, as alleged in the petition, had two outstanding contracts with the Kelly-Atkinson Construction Co. and the Johncke Shipbuilding Corporation. The plaintiff company by separate tri-party contracts made with the Kelly-Atkinson Construction Co. on November 1, 1917, and with the *447 Johneke Corporation on August 15, 1918, to each of which the defendant was a party, agreed to assume and carry out said contracts in every particular, obligate itself for all outstanding liabilities, and in addition to pay certain specified sums of money to the Johneke Corporation in consideration of the assignment. During the progress of the work changes were made with respect to the number and character of ships to be constructed, finally resulting in an express undertaking to construct and deliver six composite cargo vessels at $450,000 each and 24 steel cargo vessels at $980,000 each.
From the allegations of the petition it is apparent that the plaintiff was in no financial condition to complete a transaction of the magnitude involved in the contracts, and the defendant by express obligations was to advance to the plaintiff various sums of money from time to time, to not only enable the plaintiff to purchase materials and carry forward the work but also to build a six-way shipbuilding-plant at Mobile and a steel fabricating plant at Birmingham, Ala. All advances made by the defendant— and they total $2,711,665.88 — were disbursed by the defendant in pursuance of a contractual arrangement designated a “ joint-control account,” whereby the defendant reserved the right to approve or disapprove the allowance of all claims against the plaintiff for materials, etc., and to make payment thereof only when duly approved by the defendant’s representative.
The plaintiff duly entered upon the performance of its contracts, finished, delivered, and received pay for 6 composite vessels at $450,000 each, and 8 steel cargo-carrying-vessels at $980,000 each. Subsequent to the armistice all contracts were canceled under the act of June 15, 1917 (40> Stat. 182). Thereafter in undertaking a settlement the defendant made a finding that the defendant was not indebted to the plaintiff and no award was made.
The petition further alleges that the cost of doing the actual work done was $19,479,979.67; that the plaintiff has: been reimbursed as to this item in the sum of $19,029,848.18 ; that there are outstanding and unpaid bills incurred in. *448 doing the work of $192,591.41, which the plaintiff is without funds to pay; that the plaintiff is actually out of pocket $357,540.08, a sum expended in doing the work; and finally as a prayer for relief prays a judgment for $2,498,129.46, with 8 per cent interest thereon from December 31, 1919, to date of judgment, made up of the following items: $357,-540.08, $192,591.41, and $1,947,997.97, the last item claimed as the fair value of plaintiff’s services in doing the work performed, together with interest thereon.
As a part of the prayer for relief the plaintiff in two emphatic paragraphs sets forth general allegations that its cause of action is not founded upon the express contracts referred to and annexed to the petition, but rests upon an implied contract to award the plaintiff just compensation, and predicates the right to recover the items mentioned as a measure of the amount by which the defendant has been unjustly enriched.
Whether a cause of action is founded upon an express or an implied contract is determinable from the material allegations of the petition. Mere general allegations characterizing the cause of action as founded upon an implied contract are wholly immaterial if in conflict with material allegations which clearly demonstrate to the contrary. The court is alone concerned with the material facts alleged, and from them ascertains the existence or nonexistence of a cause of action and the nature thereof. If the petition discloses a cause of action 'founded upon express contracts, and an utter absence of any material facts to the contrary, the mere conclusions of the pleader that he claims no liability, except under an implied contract, is wholly insufficient to warrant such a holding. Hawkins v. United States, 96 U. S. 689; Klebe v. United States, 263 U. S. 188, 192.
The plaintiff’s contention is decidedly unique. It is tantamount to an admission that under the express contracts set forth in detail in the petition no cause of action exists; and, that the only available remedy now at hand is to eliminate the contracts from the transaction and recover upon the basis of quantum meruit. To us the argument seems obviously untenable. As a matter of fact, all of the various *449 points vigorously pressed in plaintiff’s argument and brief have been settled by the Supreme Court in the following cases: Russell Motor Car Co. v. United States, 261 U. S. 615, and the College Point Boat Corporation v. United States, 267 U. S. 12-14. It is too late now to avoid the conclusiveness of the above decisions by attempting a differentiation between this case and the very numerous ones of a similar character wherein the liability of the defendant in canceling war contracts under the act of June 15,1917, has been finally determined. There is absolutely no distinction between this case and the ones cited. It is sufficient to observe that the case of United States v. Behan, 110 U. S. 339, upon which the plaintiff so confidently relies, is wholly inapplicable to the relationship of the parties as appears in this case. No action as for a breach of contract is maintainable in the present instance. The contracts were canceled under the act of June 15, 1917 (40 Stat. 182), and the resultant rights of the parties are clearly set forth in the cases above mentioned.
The allegations of the plaintiff’s present petition are not sufficient to maintain a cause of action, either upon an express or implied contract, and the defendant’s demurrer is sustained and the petition dismissed. It is so ordered.
Gkaham, Judge; Hat, Judge; and Campbell, Chief Justice, concur.